UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO GUIZAR-RODRIGUEZ,<br><br>Defendant. | Case No. 3:16-cr-00022-MMD-VPC<br><br>ORDER<br><br>(Defendant's Motion to Dismiss — ECF No. 26) |

## I.   SUMMARY

Before the Court is Defendant's Motion to Dismiss the Indictment ("Motion") (ECF No. 26). The Court has reviewed the government's response (ECF No. 27) and Defendant's reply (ECF No. 28). The Motion is premised on the argument that Defendant's prior state conviction under NRS §§ 200.481(e)(1) and 193.165 does not qualify as a "crime of violence" under 18 U.S.C. § 16(a). For the reasons discussed below, the Court finds that Defendant's prior state conviction qualifies as a "crime of violence." The Defendant's Motion is therefore denied.

## II.   BACKGROUND

Defendant Ricardo Guizar-Rodriguez was indicted on March 31, 2016, for violating 18 U.S.C. § 1326(a) by allegedly reentering the United States without permission after being deported. (ECF Nos. 26 at 4, 10 at 1.) Previously, in July 1998, Defendant had pleaded guilty to the charge of battery with a deadly weapon in violation

of NRS §§ 200.481(e)(1) and 193.165. (ECF No. 26-1 at 2, 5.) Immigration and Customs Enforcement ("ICE") then initiated administrative removal proceedings against Defendant and ultimately issued a Final Administrative Removal Order ("Final Removal Order") finding that Defendant should be deported to Mexico, his home country. (ECF No. 26 at 2-3.) Based on this Final Removal Order, Defendant was deported from the United States on two occasions: November 25, 1998, and January 30, 2004.

Defendant now challenges the basis of the Final Removal Order and his prior deportations, arguing that battery with a deadly weapon under Nevada law is not a "crime of violence" within the meaning of 18 U.S.C. § 16(a).

### III.   LEGAL STANDARD

Federal Rule of Criminal Procedural 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002.) A motion to dismiss is capable of determination before trial if it involves pure questions of law. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). On a pretrial motion to dismiss, a district court may properly adjudge the sufficiency of the government's evidence in tending to prove a material element of the charged offense. *See id.* at 669-70.

### IV.   DISCUSSION

Defendant's Motion is based on the contention that his prior conviction for battery with a deadly weapon does not qualify as an aggravated felony for immigration purposes. (ECF Nos. 27 at 4, 28 at 2.) 8 U.S.C. § 1101(a)(43)(F) of the Immigration and Nationality Act defines "aggravated felony" for immigration purposes as "crimes of violence," as defined in 18 U.S.C. § 16. 18 U.S.C. § 16 in turn identifies two ways in which a crime may qualify as a crime of violence. Subsection (a), which Defendant refers to as "the physical force clause," captures any crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of

another." 18 U.S.C. § 16(a). Subsection (b) — the "residual clause" — covers any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Because the Ninth Circuit determined that § 16(b) as incorporated in § 1101(a)(43)(F) is unconstitutionally vague, *Dimaya v. Lynch*, 803 F.3d 1110, 11290 (9th Cir. 2015) (citing *Johnson v. United States*, 559 U.S. 133 (2015)), Defendant argues — and the Government does not dispute — that § 16(a) is the only avenue for Defendant's prior conviction to qualify as an aggravated felony.

Whether Defendant's prior conviction qualifies as a crime of violence requires application of the three-step process set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015) (applying the analysis to determine whether a conviction under California's theft statute may qualify as an "aggravated felony"); *see also United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (applying the analysis to determine whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines). First, under the "categorical approach," courts must determine whether the statute of conviction is categorically a "crime of violence" by comparing the elements of the statute of conviction with the generic federal definition." *Sahagun-Gallegos*, 782 F.3d at 1098. If the elements of the offense are the same or narrower than the elements of the generic federal offense, then the offense is "a categorical match" and qualifies as a crime of violence. *See Lopez-Valencia*, 798 F.3d at 867. "When a statute is 'overbroad, meaning that it criminalizes conduct that goes beyond the elements of the federal offense, [courts] turn to step two: determining whether the statute is 'divisible' or 'indivisible.'" *Id.* at 867-68 (citing *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014)). If it is divisible, then the court turns to step three — the "modified categorical approach" under which the court "may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating." *Id.* at

///

868. The Court finds that battery with a deadly weapon qualifies as a crime of violence under the categorical approach, rendering these latter two steps inapplicable.

Applying the categorical approach here, the Court must evaluate whether the prior offense — battery with a deadly weapon — could be committed without the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The Supreme Court has found that "physical force" as established in § 16(a) must be "violent force" or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). Under Nevada law, "battery" is defined as "any willful and unlawful use of force or violence upon the person of another." NRS § 200.481(a). NRS § 200.481(e) provides for a sentencing enhancement "[i]f the battery is committed with the use of a deadly weapon, and: (1) No substantial bodily harm to the victim results."

Defendant argues that because the Nevada Supreme Court has stated that a person violates NRS § 200.481 when they commit an "intentional and unwanted exertion of force upon another, however slight," only de minimus force and not violent force is required to be convicted under NRS § 200.481(e). (*See* ECF No. 26 at 10 (citing to *Hobbs v. State*, 251 P.3d 177, 180 (Nev. 2011)).) Thus, under Defendant's view, battery under Nevada law does not require "violent force" within the meaning of *Johnson I* and therefore is broader than the federal generic statute. The government counters that battery committed with the use of a deadly weapon qualifies as a crime of violence because it encompasses "attempted" or "threatened" use of force within the meaning of § 16(a). (ECF No. 27 at 5.) According to the government, because the least amount of touching involved with a deadly weapon would at the very least "threaten" the use of violent force, the state statute categorically meets the definition of "threaten use of force" under § 16(a). (*See id.* at 6.) Defendant responds that a "gun would qualify as a deadly weapon under this definition, even though the gun may not actually be used in its ordinary manner, to shoot, in the commission of an offense." (ECF No. 28 at 9.) Defendant asserts that NRS § 200.481(e)(1) does not require that the deadly weapon,

e.g., the gun, be used in the ordinary manner to commit the battery and, therefore, "Nevada battery with a deadly weapon can be committed by touching someone with a gun with the same level of force as spitting on someone." (*Id.* at 10.) The Court disagrees.

NRS § 193.165 enhances basic battery because it theoretically entails the possibility of more force than, for instance, merely spitting in someone's face. The statute defines "deadly weapon" as:

> (a) Any instrument which, if used in the ordinary manner contemplated by its design and construction, will or is likely to cause substantial bodily harm or death;
>
> (b) Any weapon, device, instrument, material or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing substantial bodily harm or death; *or*
>
> (c) A dangerous or deadly weapon specifically described in NRS 202.255, 202.2.65, 202.290, 202.320 or 202.350.

NRS § 193.165(6) (emphasis added). Thus, while it is possible under the statutory definition for a deadly weapon to not be used in its ordinary manner, the mere presence of the deadly weapon threatens substantial harm or death. Nudging someone with a gun is different than nudging someone with a ruler: unlike a ruler, a gun's mere presence threatens force capable of causing substantial bodily harm or death regardless of whether substantial bodily harm or death actually results.

Furthermore, Defendant misconstrues the distinction between NRS § 200.481(e) subsections (1) and (2), which differentiate the sentencing enhancement for battery with the use of a deadly weapon based upon the result that ensues in the particular case. In both instances, the use of a deadly weapon makes the battery capable of causing physical pain or injury to another person — specifically, substantial bodily harm or death — but the punishment is different based on the factual circumstances of the particular case. NRS § 200.481(e) contemplates that the use of a deadly weapon when committing a battery involves the intent to cause or threaten substantial bodily harm or death, but it distinguishes punishment because the circumstances of each case result in different

outcomes. Accordingly, Defendant is incorrect in arguing that battery with the use of a deadly weapon includes "neither attempt nor threat" as elements of the offense. (ECF No. 28 at 11.) NRS § 193.165(6)(b) — a second definition of "deadly weapon" under the statute — contemplates that the mere presence of a deadly weapon when committing a battery threatens substantial bodily harm.

The Court agrees with the government that battery with a deadly weapon under Nevada law threatens the use of violent force or force causing physical pain or injury within the meaning of § 16(a). The elements of Defendant's prior offense are thus the same or narrower than the elements of the generic federal offense, and the Defendant's prior offense qualifies as a "crime of violence."

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 26) is denied.

DATED THIS 13th day of October 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE